Vincent A. Lupiano, J.
The instant proceeding was commenced pursuant to sections 20 and 21 of the Stock Corporation Law for appraisal and payment of stock owned by the petitioner in the respondent corporation.
The corporation was organized in 1954. Petitioner owns 21 shares of the common stock, or 17%% stock interest. During its initial year, the respondent entered into the construction and subsequent ownership of a single piece of property — a multiple dwelling apartment house which it managed and operated as its sole business activity up to the date the building was sold, May 21,1958. It is presently inactive.
By its answer respondent admits that no notice of meeting or any meeting whatever was had concerning the particular sale. If the sale was one “ made in the regular course of business ”, section 20 of the Stock Corporation Law would not apply and the proceeding would be dismissed. If not made in the regular course of the corporate business, sections 20 and 21 must be considered for their effect upon this controversy.
The circumstances herein are much like those in the Matter of Modes (1299 Realty Corp.) (278 App. Div. 803) where the subject corporation was organized for the purpose of buying, selling, owning and holding real estate, etc.; similar to the instant certificate of incorporation which contains other powers such as to purchase, sell, lease, manufacture and deal in every kind of personal property. The cited corporation acquired title to an apartment house which it managed and operated, as its sole business activity, for a period of 12 years, thereafter selling it, without notice to the petitioner therein, a minority stockholder. The petitioner demanded an appraisal of her stock and payment therefor claiming that the sale by the corporation of its realty, in those circumstances, was not a sale made in the regular course of its business. Special Term and the Appellate Division upheld this contention and the order for the appointment of an appraiser to determine the value of her stock pursuant to sections 20 and 21 of the Stock Corporation Law was affirmed. The situation there is analogous and persuasive to the one here, and the sale must be adjudged as not made in the regular course of the respondent’s business.
The case of Eisen v. Post (3 N Y 2d 518) strenuously urged by the respondent, is distinguishable from the case at hand. There, a derivative action was brought by a stockholder to set aside a sublease by the corporation. The ultimate appellate position should be viewed in the light of the precise problem involved therein and is epitomized by the language (p. 526): “ Assignees and grantees are entitled to rely on the charter and to presume *235 compliance therewith. The efficacy of transfer of interests in real property, and the titles thereto, cannot he made to depend upon whether or not such conveyance is in or out of the course of an unauthorized corporate activity, when to the world it is entirely consonant with, and in the course of, the authorized business as stated in the recorded certificate of incorporation ”. (Italics supplied.) In the instant case there are no interests of bona fide purchasers or transferees involved.
Nor is the alleged knowledge and participation of petitioner in prior preliminary negotiations for the sale of the respondent’s property sufficient to serve as legal excuse for the failure to comply with the appropriate statutory procedure. The requirement of statutory notice is so well defined that all parties may and should govern their ultimate conduct accordingly, in line with the consequences which may ensue. Moreover, in the Hodes case, no notice was given, yet the procedure was invoked and upheld.
The application for the appointment of an appraiser to determine the value of petitioner’s stock is granted. Settle order providing for the appointment of such appraiser in accordance with the provisions of section 21 of the Stock Corporation Law.